IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARIFF MILLER,

                           Petitioner,                        OPINION AND ORDER

    v.

                                                              23-cv-488-wmc[1]

UNITED STATES OF AMERICA,

                           Respondent.

---

      Petitioner Shariff Miller is serving an eight-month term of imprisonment at FCI-Oxford following a revocation proceeding in the Northern District of Illinois. *See United States v. Miller*, No. 1:08-cr-629, Dkt. 459 (N.D. Ill. Mar. 8, 2023). Miller seeks post-conviction relief under 28 U.S.C. § 2241 on three grounds: (1) under the First Step Act of 2018 (FSA), he may be entitled to apply credits he earned during his previous term of incarceration towards his release; (2) he is entitled to compassionate release, Dkt. 21, and (3) in May of 2023 institution officials use force against him for which he has not received medical attention. This petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. I will deny this petition because Miller cannot obtain the relief he seeks under § 2241.

      First, I understand Miller to bring a claim under the FSA provisions that permit eligible inmates who complete recidivism reduction programs or activities to receive credits toward time in pre-release custody or supervised release. *See* 18 U.S.C. §§ 3632(d)(4)(A) and (C). Miller does not indicate whether he has earned enough credits to be released from custody, but

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

even if he did, the BOP may not apply unused FSA time credits from his previous term of incarceration to his current term of incarceration. 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release."); *see also White v. Sproul*, No. 19-cv-1291, 2021 WL 1854642, at *2 (S.D. Ill. May 10, 2021) ("[A]n inmate who is serving a revocation term is only entitled to additional good credit time under the First Step Act on the revocation term and not on the underlying sentence that had already been satisfied").

Second, this court cannot address Miller's request for compassionate release. I understand Miller to be seeking release under 18 U.S.C. § 3582(c), but requests for compassionate release must be addressed to the sentencing court. *See Schaetzel v. Nicholas*, No. 22-cv-179-jdp, Dkt. 20 (W.D. Wis. Oct. 17, 2022) ("This court did not sentence Schaetzel so it cannot grant him compassionate release . . . .")).

Third, Miller may not get relief for excessive for or improper medical care under § 2241. This is not the type of claim that can be raised in a habeas petition, which is limited to challenges to the validity or duration of a prisoner's confinement. *Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). Challenges to a prisoner's conditions of confinement must be brought in a civil action. *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005). Because Miller's concern about the use of force bears only on his conditions of confinement, he may not pursue this claim in this petition. Therefore, I will dismiss this petition without prejudice. If Miller wishes to pursue a claim related to this

incident or his access to medical treatment, he must exhaust his administrative remedies within the BOP, and then he may pursue the appropriate civil action.

ORDER

IT IS ORDERED that:

1. Petitioner Shariff Miller's petition under 28 U.S.C. § 2241 is DENIED, and this matter is dismissed.

2. Miller's motion for compassionate release, Dkt. 21, is DENIED without prejudice.

3. The clerk of court is directed to close this case.

Entered August 31, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge